IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30339
Summary Calendar
_____


JOSEPH BRUNO,

                                              Plaintiff-Appellant,

versus

WITCO CORPORATION; JOSEPH DALEY,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-2354-D)
_____

October 27, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Joseph Bruno sued Witco Corporation and Joseph Daley for
fraudulent misrepresentation.  Bruno asserts that the district
court:  erred in dismissing Daley as fraudulently joined, finding
*no* possibility of recovery against him; erred in granting summary
judgment in favor of Witco; and abused its discretion by denying
Bruno's motion to extend deadlines.

    In a previous action against Witco, Bruno served as
plaintiffs' counsel.  Those plaintiffs sued Bruno for malpractice,
following summary judgment being granted defendants on the basis

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that causation was *not* established. Bruno filed only one expert report within the deadline set by the district court. Prior to the dismissal of that action, Bruno took the deposition of Daley, as Witco's corporate representative.

In the case at hand, Bruno maintains that, had Daley not provided fraudulent testimony, he would have had sufficient evidence to obtain expert testimony establishing causation. However, even assuming Bruno's assertion is correct, he would *not* have been allowed to file additional expert reports because he failed to timely file a memorandum in opposition to defendant's motion in limine to strike expert witnesses.

The deadline for filing expert reports was 9 December 1992. On 7 January 1993, Witco filed a motion in limine to strike expert witnesses. Bruno deposed Daley on 8 January 1993. On 28 January 1993, the district court granted Witco's motion in limine, because Bruno failed to timely file an opposing memorandum.

Summary judgment is proper if, viewing the record in the light most favorable to the non-movant, there is *no* material fact issue and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see, e.g.,* **Matsushita Elec. Indus. Co. v. Zenith Radio Corp**., 475 U.S. 574, 587 (1986). Pursuant to this standard and our requisite *de novo* review of the record, Bruno has failed to establish causation in this action.

In sum, we conclude that the district court did *not* err in dismissing the claim against Daley as fraudulently joined and in granting summary judgment for Witco. Furthermore, we find that, in the light of Bruno's failure to conduct *any* discovery in the case

2

at hand, it was *not* an abuse of discretion for the court to deny Bruno's motion for an extension.  Accordingly, we **AFFIRM**, essentially for the reasons stated by the district court. *Bruno v. Witco Corp.*, No. 99-2354 (E.D. La. Mar. 9, 2000) (minute entry explaining summary judgment and denial of extension); *Bruno v. Witco Corp.*, No. 99-2354 (E.D. La. Oct. 12, 2000) (minute entry denying motion to remand).

*AFFIRMED*

3